By the Court:
In connection with tbe findings as to tbe taking of tbe property, a request is made by the defendants that we further find that some of tbe heirs and beneficiaries were disloyal to the Government during the late war. This request presents a new matter of inquiry, one upon which we have not entered in the former adjudications under the act giving us jurisdiction, this case being among the first of the series in which the defendants have asked that a finding be made as to the loyalty of the heirs and beneficiaries.
The Act of March 3,1883 (22 Stat. L., 485), commonly known as the Bowman Act, provides:
“ Sec. 4. In any case of a claim for supplies or stores taken by or furnished to any part of military or naval forces of the United States for their use during the late war for the suppression of the rebellion, the petition shall aver that the person who furnished such supplies or stores, or from whom such supplies or stores were taken, did not give any aid or comfort to said rebellion, but was throughout that war loyal to the Government of the United States, andthefact of such loyalty shallbe a jurisdictional fact; and unless the said court shall, on a preliminary inquiry, find that the person who furnished such supplies or stores, or from whom they were taken as aforesaid, was loyal to the Government of the United States throughout said Avar, the court shall not have jurisdiction of such cause, and the same shall, without further proceedings, be dismissed.”
This proceeding comes directly under the fourth section, which by its terms defines the powers and prescribes the duty of the court in the trial of causes. In the commencement of *64 tbe litigation under tliis statute tbe court adoi>ted a form of finding upon tbe preliminary question of loyalty.
In case tbe claimant was found loyal and a finding was made on tbe merits of tbe claim, tbe report alleges “on a preliminary inquiry tbe court, upon tbe-day of-, A. D. 18 — , found tbe person alleged to bave furnished tbe supplies or stores, or from whom they were alleged to bave been taken, was loyal to tbe Government of tbe United States throughout said war.”
In case tbe claimant was not found loyal upon the preliminary inquiry, tbe report alleges that “tbe court on a preliminary inquiry finds that upon tbe evidence it does not appear that tbe person alleged to bave furnished such supplies or stores,, or from whom they are alleged to bave been taken, was loyal to tbe Government of tbe United States throughout said war, and tbe case is dismissed for want of further jurisdiction.”
In all cases under tbe fourth section for stores and supplies, tbe court, upon a preliminary inquiry, determined tbe question of the loyalty of tbe claimant, and as a result of that inquiry enters an order finding him loyal or disloyal; if loyalty be found, the claim is considered upon its merits, but if loyalty be not found, tbe case is dismissed and reported to Congress upon tbe finding of disloyalty.
By tbe terms of tbe statute tbe inquiry of loyalty is confined exclusively to tbe character of tbe persons furnishing tbe supplies and stores or tbe person from whom they were taken. Under that provision of the statute tbe court has decided: “Tbe person from whom tbe stores were taken and whose loyalty is to be proved must be a person properly in possession of them and having a financial interest therein.” (Newman Administrator, 21 C. Cls. R., 207.)
Tbe loyalty of tbe person who furnished tbe supplies is, by tbe terms and requirement of tbe statute, made jurisdictional, and bis loyalty is the only loyalty which, by tbe terms of tbe law, is put in issue.
Tbe questions of fact, as to tbe taking by proper authority, use by tbe Government, and ownership are only affected by tbe loyalty of tbe person from whom taken or person furnishing tbe supplies, and as loyalty is confined by tbe statute to those persons tbe court has, from tbe commencement of tbe proceedings under it, confined its inquiry to tbe persons enumerated in tbe law, and has so reported to Congress.
*65 Those reports have been acted upon by Congress, thereby adopting the construction of the statute circumscribing the loyalty required to be found to the person furnishing the supplies, or the person from whom they were taken.
The parties entitled to share in the distribution of the amount claimed in this proceeding, as alleged by defendants, number twenty-five, and their respective shares vary from one thirty-fifth to one-fourth.
In this view of the law, we overrule the motion of the defendants and confine the finding of loyalty to the person from whom the supplies were taken, in accordance with the practice heretofore adopted.